WILLIAM W. HAMLIN, Respondent, *v.* JOHN N. PATTON, Appellant.

Fourth Department, July 1, 1919.

Conversion — effect of service of notice by owner of farm upon prior tenant forbidding removal of goods upon the farm in possession of subsequent tenant as bailee.

If a tenant of a farm as bailee is in possession of goods belonging to a prior tenant and the owner of the farm causes a notice signed by him to be served upon said prior tenant forbidding him to remove the goods until some matters of dispute between said tenant and the owner of the farm have been settled, the service of the notice does not render the owner of the farm liable for the conversion of the goods where he exercised no dominion over them and they were neither in his possession nor under his control.

APPEAL by the defendant, John N. Patton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 18th day of June, 1918, upon the verdict of a jury, and also from an order

entered in said clerk's office on the 28th day of June, 1918, denying defendant's motion for a new trial made upon the minutes.

*James T. Foody,* for the appellant.

*John Griffin [Harry K. Brown,* attorney], for the respondent.

DE ANGELIS, J.:

This action was brought to recover damages for the conversion of a quantity of potatoes. The defendant denied that he converted the potatoes.

The defendant owned a farm in the town of Hornell, Steuben county. The plaintiff had been a tenant on the farm and when he surrendered possession of the farm at the end of his term to one Ferry, the defendant's new tenant, in November, 1917, the plaintiff left a quantity of potatoes in the cellar under the farm house pursuant to an arrangement with Ferry by which Ferry permitted the plaintiff to leave the potatoes in the cellar until he had a chance to sell them and get them out. Under his lease Ferry had taken the farm on shares and was in possession and entitled to the exclusive possession of the house and cellar where the potatoes were stored. The potatoes concededly belonged to the plaintiff.

On the 19th day of March, 1918, a notice signed by the defendant was personally served upon the plaintiff of which the following is a copy:

HORNELL, *Jan. 8th,* 1918.

" To W. W. HAMLIN:

" I hereby serve notice that I forbid you to move any part of the hay on the farm until the stock is wintered through according to contract or agreement.

" And I further forbid you moving the potatoes in cellar until we have a settlement.        JOHN PATTON."

Neither the plaintiff nor the defendant was at or on the defendant's farm at the time the above notice was served. The plaintiff testified that he told the defendant about the arrangement which he had with Ferry for storing the potatoes at about the time the arrangement was made and that the defendant made no answer.

The foregoing is a statement of all the facts disclosed in the evidence upon which the plaintiff based his claim that the defendant had converted the potatoes to his own use.  The learned trial justice charged the jury that the notice in the circumstances constituted a conversion of the potatoes by the defendant and submitted to the jury simply the question of the amount of the damages.  The counsel for the defendant excepted to the ruling as to the conversion.

So that the controversy between these parties narrows down to the solution of this problem: If A as bailee is in possession of chattels belonging to B and C causes a notice signed by him to be served upon B forbidding B to remove the chattels until some matters of dispute between B and C have been settled, does the service of this notice render C guilty of the conversion of the chattels?  I think not.  In such a case C exercises no dominion over the chattels.  They were neither in his possession nor under his control.

It follows from the foregoing that the judgment and order appealed from must be reversed and the complaint dismissed, with costs.

All concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.